UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES A. CORREIA, et al.

Plaintiffs,

v.

ADESA IMPACT,

Defendant.

**0 5 - 1 1 4 9 4 NG**

Civil Action No. _____

MAGISTRATE JUDGE Alexander

RECEIPT # _____ 15608
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 7/14/05

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, and 28 U.S.C. § 1332, Defendant hereby removes to this Court the above-captioned civil action now pending in the Bristol County Superior Court of the Commonwealth of Massachusetts (entitled, *Charles A. Correia, et al. v. ADESA/IMPACT*, Civil Action No. 2005-00640). As grounds for removal, Defendant states:

## STATEMENT OF GROUNDS FOR REMOVAL

1.  On or about June 8, 2005, Plaintiffs commenced this action against Defendant Adesa Impact by filing a complaint in the Superior Court Department of the Trial Court for Bristol County, entitled *Charles A. Correia, et al. v. ADESA/IMPACT*, Civil Action No. 2005-00640 (the "Complaint").

2.  A copy of the Complaint was served on Defendant Adesa Impact on June 28, 2005.

3.  Defendant Adesa Impact is a corporation under the laws of the State of Indiana, with its principal place of business at 1308 Hamilton Crossing Blvd., Carmel, Indiana.

4.  The Complaint states that Plaintiffs reside in the Commonwealth of Massachusetts.

5.    The damages alleged in the Complaint exceed $75,000 per plaintiff, exclusive of interest and costs.

6.    This court has diversity jurisdiction over the above-described action under the provisions of 28 U.S.C. § 1332, and the action is properly removable pursuant to 28 U.S.C. § 1441.

7.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Adesa Impact are attached hereto at Tab 1. Defendant Adesa Impact does not waive any defenses available to it by removing this action to federal court.

Wherefore, Defendant Adesa Impact hereby removes the above-captioned action pending in the Superior Court Department of the Trial Court of Massachusetts for Bristol County therefrom to this Court.

Respectfully Submitted,

Adesa Impact,

By its attorneys,

Paul B. Galvani (BBO# 183800)
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this _14_ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

Gabriel D. O'Malley



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 - 11494 NG

CHARLES A. CORREIA,

Plaintiffs,

Civil Action No. _____

v.

ADESA IMPACT,

Defendant.

**RULE 7.1 STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Adesa Impact certifies that Adesa Impact's parent corporation is Adesa, Inc., a publicly traded company that is the sole shareholder of Adesa Impact.

Respectfully Submitted,

Adesa Impact,

By its attorneys,

Paul B. Galvani (BBO# 183800)
Gabriel D. O'Malley (BBO# 6514...)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July 14, 2005

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                SUPERIOR COURT DEPARTMENT
                                            C.A. NO:

CHARLES A. CORREIA, PAULA GOODWIN,    :
GARY W. GOSS, PAUL R. KEEFE,          :
DAVID PATTEN, ANGELA M. LOVELL        :
MERLE A. PEABODY, ALICE A. PEABODY,   :
WILLIAM WILBUR                        :
                                      :
                    PLAINTIFFS        :
VS.                                   :
                                      :
ADESA/IMPACT                          :
                                      :
                    DEFENDANT         :

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiffs, Charles a. Correia, Paula Goodwin, Gary W. Goss, Paul R. Keefe, David Patten,

Angela M. Lovell, Merle A. Peabody, Alice A. Peabody, William Wilbur, (hereinafter referred to

as the "PLAINTIFFS") by their attorneys, BRIAN CUNHA & ASSOCIATES, P.C., for their

complaint against ADESA/IMPACT, (hereinafter referred to as the "DEFENDANT")

### I. PARTIES

1.      PLAINTIFFS are property owners and residents of the State of Massachusetts, and

        currently reside in the Town of Taunton, Massachusetts. Their properties have been

        threatened with and/or contaminated with MTBE.

        A.      PLAINTIFF, Charles A. Correia, is a resident of the State of Massachusetts, and

                currently resides at 588 Myricks Street, East Taunton, Massachusetts, 02718.

B.   PLAINTIFF, Paula Goodwin, is a resident of the State of Massachusetts, and currently resides at 152 Myricks Street, East Taunton, Massachusetts, 02718.

C.   PLAINTIFF, Gary W. Goss, is a resident of the State of Massachusetts, and currently resides at 586 Myricks Street, East Taunton, Massachusetts, 02718.

D.   PLAINTIFF, Paul R. Keefe, is a resident of the State of Massachusetts, and currently resides at 588 Myricks Street, East Taunton, Massachusetts, 02718.

E.   PLAINTIFF, David C. Patten, is a resident of the State of Massachusetts, and currently resides at 586 A. Myricks Street, East Taunton, Massachusetts, 02718.

F.   PLAINTIFF, Angela M. Lovell, is a resident of the State of Massachusetts, and currently resides at 586 A. Myricks Street, East Taunton, Massachusetts, 02718.

G.   PLAINTIFF, Merle A. Peabody, is a resident of the State of Massachusetts, and currently resides at 590 A Myricks Street, East Taunton, Massachusetts, 02718.

H.   PLAINTIFF, Alice A. Peabody, is a resident of the State of Massachusetts, and currently resides at 590 A Myricks Street, East Taunton, Massachusetts, 02718.

I.   PLAINTIFF, William Wilbur, is a resident of the State of Massachusetts, and currently resides at 550 Myricks Street, East Taunton, Massachusetts, 02718.

2.   DEFENDANT, ADESA/IMPACT is a duly organized corporation authorized to do business in the State of Massachusetts with a principal place of business located at 580 Myricks Street Taunton, Massachusetts.

3.   When, in this complaint, reference is made to any act of the DEFENDANT, such reference shall be deemed to include the officers, directors, agents, employees, or representatives of the DEFENDANT who committed or authorized such acts, or failed to

and omitted to adequately supervise or to properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of the DEFENDANT.

## II. BACKGROUND

4.  PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 3 inclusive.

5.  The property owned by the DEFENDANT ADESA primarily serves as an automotive recovery facility for the temporary secure storage of vehicles and for auctions of such vehicles. The vehicles are received, cataloged and stored mainly to recover salvage value for insurance companies.

6.  The ADESA office building and garage occupies approximately 7500 square feet of the thirty (30) acre ADESA property. One outdoor 1,000 gallon diesel above ground storage tank exists at the facility and is located approximately 300 feet northwest of the office building. A former 200 gallon gasoline above ground storage tank (AST) was located approximately 1,000 feet north of the building and was removed in February 2004. The ADESA property has frontage on Myricks Street and is just North of the Town of Lakeville border. The PLAINTIFFS residential properties, which include portions of Mathews Drive, Meaghan Circle and Grace Circle, are located approximately 200 to 500 feet East of the ADESA property boundary.

7.  On December 5, 2003, the Massachusetts Department of Environmental Protection (MADEP) was made aware of the presence of Methyl Tertiary Butyl Ether (MTBE) contaminating the PLAINTIFFS private drinking water supply wells at their residences

3

adjacent to the ADESA property. MADEP concluded that the likely source of the contamination was from a gasoline spill containing MTBE that had previously occurred on the ADESA property that had migrated to the PLAINTIFFS drinking water wells.

8.    MADEP assigned the ADESA disposal site with case number RTN4-18119.

9.    On December 8, 2003, a notice of responsibility (NOR) letter was sent to ADESA as a result of MTBE being detected in the PLAINTIFFS private drinking water supply wells.

10.   MADEP required that ADESA initiate an immediate response action plan (IRA) to evaluate whether releases occurred at its facility that resulted in the identified contamination of the PLAINTIFFS private drinking water supply wells.

11.   Pursuant to the (IRA) the DEFENDANT retained GeoInsight Inc., 25 Sundial Avenue, Suite 515 West, Manchester, New Hampshire 03103, to conduct an investigation and evaluation of the contamination.

12.   The topography in the area of the previously removed (AST), slopes East to Northeast directly onto the location of the PLAINTIFFS contaminated drinking water supply wells.

13.   The groundwater flow in the area also flows from the location of the previously removed (AST) in an East to Northeast direction onto the location of the PLAINTIFFS contaminated drinking water supply wells.

14.   Soil samples and soil borings located adjacent to the (AST) taken December 9, 2003 and December 11, 2003 collected and submitted for laboratory analysis, revealed elevated gasoline and concentrations of MTBE ranging from 320 micrograms per kilogram (ug/kg) to 2,300 ug/kg, which exceeded the reportable concentration of 300 ug/kg.

4

15. Prior to December 8, 2003, the DEFENDANT had previously had a gasoline (AST) leak in the summer of 2003, which the DEFENDANT failed to report to MADEP as required by the code of Massachusetts Regulations 310 CMR 40.00 et al.

16. That it is the PLAINTIFFS' contention that the (AST) leak of gasoline in the Summer of 2003 and at other surrounding homes resulted in the contamination of the PLAINTIFFS well water supply with the gasoline additive MTBE.

### What is MTBE?

17. MTBE is a shorthand name for methyl tertiary-butyl ether. MTBE is a manmade organic chemical. "Organic," in the chemical world, means it is a carbon-based compound, and does not occur in nature without the help of man. Like most synthetic chemicals, oil or natural gas serve as the starting point for the chemical synthesis of MTBE.

18. MTBE is highly flammable and mixes easily with gasoline. Each MTBE molecule contains one oxygen atom, which makes MTBE useful in reducing emissions from gasoline pow-ered engines. MTBE evaporates easily, is lighter than water, and does not break down easily in nature. MTBE is also far more soluble in water than the other chemicals found in gasoline. It is MTBE's water solubility, and the resistance to natural degradation to less objectionable compounds like ethanol, that make MTBE a serious water pollution threat.

19. MTBE has a putrid, foul and offensive odor and taste that easily contaminates water supplies and is a potential carcinogen.

20. The United States Environmental Protection Agency and Congress have mandated that reducing carbon monoxide and ozone air pollution from gasoline operated automobiles, trucks, and other engine is an important, indeed critical goal. Carbon monoxide is

5

poisonous, and increased levels of carbon monoxide in the air damages the health of at least some persons who live in those areas. Ozone, commonly referred to as "smog," is a highly reactive three atom oxygen compound. Ozone is protective of life when found in the upper reaches of our atmosphere, but damaging to our lungs, and to plant and animal life when at the altitudes where we breathe.

21.    As a result of the 1990 Amendments to the Clean Air Act (hereinafter referred to "CAA"), oxygenates are required in two different fuel programs. The Clean Air Act was originally passed by the United States Congress in 1970. It established air-quality standards for six major pollutants: carbon monoxide, hydrocarbons, photochemical oxidants, nitrogen oxides, sulfur oxides, and particulate matter. The CAA has been amended over the years, the 1990 Amendments added the provisions relating to oxygenated gasoline and RFG.

22.    RFG is a special recipe for gasoline, with tighter specifications for the physical properties of the gasoline, and for several components, including an oxygenate. The most widely used oxygenate after 1995 was MTBE.

23.    Gasoline containing oxygenates, per the (CAA) is now used in many parts of the United States including Massachusetts. In certain areas, where winter time carbon monoxide exceeds air pollution standards, oxygenated fuel is used during the winter months only. In other areas, where ozone pollution is high, reformulated gasoline (hereinafter referred to as "RFG") containing oxygenates, is used year round. Thus, while MTBE is not in use everywhere, it is in use in large parts of the United States, particularly in the Northeast and Massachusetts.

6

### III  NEGLIGENCE

24.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the
       allegations contained in Paragraphs 1 through 23 inclusive.

25.    DEFENDANT, ADESA improperly stored gasoline in a 200 gallon (AST) that was
       improperly maintained, serviced, and updated in violation of State and local laws.

26.    That the leaking of the (AST) and the propensity of gasoline containing MTBE to
       contaminate soil and drinking water is so menacing that the DEFENDANT knew or
       should have known that the failure to use proper storage containers, would pose a
       significant threat to PLAINTIFFS' property.

27.    Despite DEFENDANT'S past and current knowledge of MTBE' harmful characteristics,
       DEFENDANT placed, gasoline in an (AST) in violation of State and local regulations.

28.    Gasoline containing MTBE should not have been distributed and/or stored on
       DEFENDANT'S property without proper education and without warning of the
       propensity to contaminate the soil and drinking well water. Moreover, DEFENDANT
       should have properly educated and warned the governmental agencies including
       MADEP, and private property owners and the public (including PLAINTIFFS) of the
       release of gasoline in the summer of 2003 and other Sunday times and failed to do so in
       violation of Massachusetts MADEP regulations.

30.    Prior to storing and dispensing gasoline containing MTBE, DEFENDANT knew or
       should have known that in the event that said MTBE was released into soil and
       groundwater, it would not be biodegradable or bioremediated.

7

31.  DEFENDANT owed PLAINTIFFS a duty of due care which could be satisfied by safe and proper use, management, and storage, of its petroleum related products.

32.  DEFENDANT had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of PLAINTIFFS.

33.  DEFENDANT also had a specific duty to warn or notify PLAINTIFFS of the potential hazards of exposure to toxic and hazardous substances and to warn or notify PLAINTIFFS and MADEP that discharges or releases of these substances had occurred, were likely to occur in the future and threatened PLAINTIFFS.

34.  DEFENDANT breached these duties by their negligent, and reckless management, storage, and use of its gasoline.

35.  DEFENDANT'S reckless, negligent, and illegal conduct resulted in the actual dangerous releases of hazardous and toxic substances into the PLAINTIFFS' properties. These actual and continued releases and discharges have subjected PLAINTIFFS to unreasonable risk of harm, threat of future harm, and to actual injuries to their properties, economic interests and persons.

36.  DEFENDANT also failed to warn PLAINTIFFS and MADEP of the actual and threatened releases of such substances and of the reasonably foreseeable effects of such releases, an omission that was reckless, grossly negligent, and/or negligent.

37.  DEFENDANT failed to and continues to fail to act to prevent its release from harming PLAINTIFFS.

38.  DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and

8

creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

39.    All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undeterminable in magnitude. The amount of damage for the injuries will be established at trial.

## NEGLIGENCE

## DUTY TO PREVENT AND TO WARN

### IV.  DUTY TO PREVENT

40.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 39 inclusive.

41.    DEFENDANT failed to take appropriate precautions to protect PLAINTIFFS' soil and well water supply, from being threatened and/or contaminated with MTBE.  In failing to take adequate steps to prevent soil and well water contamination, DEFENDANT also breached its duty to protect PLAINTIFFS' exposure to contaminated soil and well water.

42.    DEFENDANT further negligently breached its duty to prevent MTBE from being discharged and released from storage tanks, barrels, and pipe lines into the soil and well water.

43.    DEFENDANT, after a substantial amount of MTBE was placed into the soil and well water, failed to prevent the threat of continued migration of said byproducts into the soil and well water by failing to report the leak to the MADEP, which continues to threaten PLAINTIFFS' properties.

9

44. DEFENDANT knew, or should have known, that the MTBE contaminated soil and well water that may poison PLAINTIFFS' infrastructure and water supply for many years.

45. DEFENDANT was in a position to stop this threat and/or contamination from spreading and yet did nothing.

## V. DUTY TO WARN

46. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 46 inclusive.

47. DEFENDANT failed in its duty to warn public agencies and private property owners of MTBE's byproducts' propensity to contaminate PLAINTIFFS' properties. Moreover, DEFENDANT failed to warn PLAINTIFFS and the Town of Taunton and MADEP that, as a result of having MTBE placed into the soil, their property and well water was in danger of being contaminated.

48. PLAINTIFFS' injuries were a foreseeable result of DEFENDANT'S placement of MTBE into the soil.

49. As a direct and proximate result of DEFENDANT'S negligent breach of its duties, as outlined above, PLAINTIFFS has suffered extensive damages in an amount to be proven at the time of trial.

50. DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

10

## VI. DUTY TO REMEDIATE

51.   PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 50 inclusive.

52.   DEFENDANT placed MTBE into the soil without warning governmental authorities, private properties owners, or PLAINTIFFS, of MTBE's dangers.

53.   Once DEFENDANT knew that contamination was being discharged into the soil in the Town of Taunton, they did nothing to prevent the contamination from spreading into PLAINTIFFS' properties.

54.   Moreover, DEFENDANT knew or should have known that PLAINTIFFS was defenseless to protect themselves because they did not have knowledge of MTBE's negative impact on well water.

55.   Also, once it became known that PLAINTIFFS' soil was contaminated, DEFENDANT should have warned PLAINTIFFS of the problem and immediately remediated the contamination that its business activities had caused.

56.   Once the contamination became known, DEFENDANT failed to control the contamination from expanding into PLAINTIFFS' and the surrounding community's soil.

57.   Once the contamination became known, DEFENDANT failed to remediate the contamination.  DEFENDANT has left PLAINTIFFS and the community to remediate the contamination knowing that PLAINTIFFS did not have the expertise or the resources to properly remediate the contamination that DEFENDANT created.

58.   As a direct and proximate result of DEFENDANT'S breach of its duties, as outlined above, PLAINTIFFS have suffered extensive damages in an amount to be proven at trial.

11

59. Moreover, DEFENDANT willfully and intentionally breached its duty of care and acted with conscious disregard of PLAINTIFFS' safety.

60. DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

## VII. ABNORMALLY DANGEROUS ACTIVITY
## ABSOLUTE OR STRICT LIABILITY

61. PLAINTIFF realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 60, inclusive.

62. The MTBE released by DEFENDANT is toxic and hazardous and capable of causing severe personal injuries to persons coming into contact with it and, as such, is an ultra-hazardous material and abnormally dangerous.

63. The use and storage of gasoline with MTBE is an ultra-hazardous and abnormally dangerous activity, subjecting persons coming into contact with MTBE to a severe risk of harm, regardless of the degree of caution which DEFENDANT might have exercised. The risk of such an activity was not and is not outweighed by any value associated with its use to the community.

64. In addition, with full knowledge of the environmental and health hazards associated with the disposal and release of MTBE, DEFENDANT negligently allowed the disposal of said toxic MTBE in the vicinity and eventually on the PLAINTIFFS' property.

12

65.  Although PLAINTIFFS maintain that DEFENDANT'S activities were abnormally dangerous per se, the location of such activities in a well-populated area such as a residential area in the Town of Taunton would independently have rendered them abnormally dangerous.

66.  As a direct and proximate result of DEFENDANT'S use and storage of natural gasoline containing MTBE, contaminants were released into the environment, thereby injuring PLAINTIFFS, which include actual present harm to their property and economic interests, and potential future harm to PLAINTIFFS due to the threat of future contamination, as well as inconvenience and interference with the use and enjoyment of their property. These injuries constitute the type and harm which made the activities abnormally dangerous.

67.  By reason of the foregoing, DEFENDANT is strictly liable in tort for the damages sustained by PLAINTIFFS.

68.  All injuries and damages to PLAINTIFFS are substantial; however, many of the injuries to PLAINTIFFS are as yet undetermined in magnitude. The amount of damage for some of PLAINTIFFS' injuries will be established at trial.

## VIII. PRIVATE NUISANCE

69.  PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 68, inclusive.

70.  At all times material hereto, PLAINTIFFS were in lawful possession of their land.

71.  DEFENDANT'S use, possession and storage of gasoline containing MTBE has resulted in an intrusion and the continued intrusion upon PLAINTIFFS' properties, significantly and

negatively impacting upon PLAINTIFFS' right to use and enjoy their property.

72.    Specifically, DEFENDANT'S unreasonable emission, disposal and release of MTBE into PLAINTIFFS' soil, was substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes, and habits.

73.    DEFENDANT'S interference with PLAINTIFFS' rights were so unusual and excessive that it necessarily caused injury, damage, harm and inconvenience to PLAINTIFFS, and it substantially, materially and unusually interfered with their comfort, and with the proper use and enjoyment of their properties.

74.    PLAINTIFFS' specific damages include, but are not limited to, remediation costs attributable to the presence of contaminants on her property. Such invasion of PLAINTIFFS' rights were unreasonable.

75.    DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion, and the continued entry and intrusion onto the property of PLAINTIFFS without privilege, permission, invitation or justification.

76.    DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual or increased harm to their property and economic interests and injuries to their persons, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries.

77.    All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at trial.

14

## IX. TRESPASS

78. PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 77, inclusive.

79. PLAINTIFFS were at all relevant times in possession of land they owned and/or occupied.

80. Upon information and belief, DEFENDANT knew its intentional discharge of contaminants had migrated onto PLAINTIFFS' properties.

81. Upon information and belief, despite DEFENDANT'S knowledge of the harm caused by the placement of MTBE in the soil, DEFENDANT intentionally persisted in its conduct and continued to discharge said contaminants.

82. Upon information and belief, the discharge which DEFENDANT knew or should have known migrated onto PLAINTIFFS' soil and property, constitutes a trespass.

83. Upon information and belief, PLAINTIFFS' real property, continues to be threatened, exposed to and/or contaminated by hazardous chemicals and materials originating at DEFENDANT'S facility.

84. DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion onto PLAINTIFFS' property without privilege, permission, invitation or justification.

85. DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual physical harm to property and economic interests and an increased risk of future harm to her person, as well as inconvenience and interference with the use and enjoyment of her property. PLAINTIFFS are entitled to recover damages for such injuries.

86.    All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS'
       injuries, however, are as yet undetermined in magnitude. The amount of damages for
       such injuries will be established at trial.

## X.  PUBLIC NUISANCE

87.    PLAINTIFFS reallege and incorporates by reference as if fully set forth herein Paragraphs
       1 through 86, inclusive.

88.    DEFENDANT has manufactured and disposed of its product in a manner that has
       unreasonably endangered or injured the property, health, safety and comfort of
       PLAINTIFFS and other town residents, causing inconvenience and annoyance.

89.    Actual MTBE contamination caused by DEFENDANT'S conduct has caused injury to
       PLAINTIFFS in the form of present serious interference with the use, benefit and/or
       enjoyment of her property, in a way that an ordinary reasonable person would define as
       substantial inconvenience, annoyance, and injury.

90.    DEFENDANT has violated and/or threatened to violate PLAINTIFFS' right to
       contaminate free well water.

91.    As a direct and proximate result of DEFENDANT'S acts and omissions creating the
       above-described nuisance, PLAINTIFFS have suffered special injuries to their properties,
       including but not limited to, the threat and/or actual contamination by MTBE, reduction
       of their property values and the costs associated with removing said contamination.

16

## XI. PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS demand judgment in their favor against DEFENDANT:

a.  A declaration by the Court that DEFENDANT has been and continues to
be in violation of the above legal duties;

b.  Awarding PLAINTIFFS compensatory damages;

c.  Awarding PLAINTIFFS the costs of this lawsuit, including but not limited to,
attorneys' fees and expert costs as authorized by statute and the applicable rules of
this Court;

d.  Enjoining DEFENDANT from allowing the continued placement and
migration of MTBE onto PLAINTIFFS' soil and property;

e.  Requiring DEFENDANT to pay all future costs incurred by PLAINTIFFS
for the costs associated with obtaining alternative housing or well water
remediation;

f.  Requiring DEFENDANT to pay all of PLAINTIFFS' costs associated with
the diminished property values as a result of the contamination including
the repair of the street and surrounding property;

g.  Preliminary and permanent injunctions to pay money into a fund sufficient
to clean and remediate the contamination that DEFENDANT caused to
be discharged into PLAINTIFFS' soil and well water;

h.  An Order mandating that DEFENDANT and its successors and assigns, to
take every action necessary to assure that all relief requested herein is
obtained and fully funded;

17

i.    Awarding PLAINTIFFS sufficient sums to compensate them for past,

present and future pain and suffering, lost wages and reasonable medical

expenses, including but not limited to, medical monitoring;

j.    Awarding PLAINTIFFS such other, further, and different relief as the

Court may deem appropriate and just; and

k.    Trial by Jury.

Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.


_____

Brian R. Cunha, Esquire    #108560
311 Pine Street
Fall River, MA 02720
Telephone:    (508) 675-9500
Fax:    (508)679-6360

18

(L.S.)

Form #42

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No BRCV2005-00640-A

CHARLES A. CORREIA, et al _____, Plaintiff (s)

v.

ADESA/IMPACT _____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED X—
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT: ADESA/IMPACT, 580 Myricks Street, Taunton, MA

You are hereby summoned and required to serve upon Brian R. Cunha _____

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

plaintiff's attorney, whose address is 311 Pine Street, Fall River, MA 02720 _____;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 20th _____ day of June _____, in the year of our Lord two thousand and 05 _____.

A TRUE ATTESTED COPY

BRISTOL COUNTY DEPUTY SHERIFF

Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Correia, Charles A., et al.

**DEFENDANTS**

Adesa Impact

**(b)** County of Residence of First Listed Plaintiff    Bristol County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Hamilton County, Indiana
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

Ropes & Gray LLP, One International Place, Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☒ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441, 1446; and 28 U.S.C. § 1332

Brief description of cause:
Removal of case from State Court

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE    SIGNATURE OF ATTORNEY OF RECORD

_[signature] D. C Molloy_

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)___ Charles A. Correia, et al. v. Adesa Impact

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121 |
| | | 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| ✔ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, |
| | | 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, |
| | | 380, 385, 450, 891. |
| | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, |
| | | 690, 810, 861-865, 870, 871, 875, 900. |
| | V. | 150, 152, 153. |

05 - 11494 NG

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]   NO [✔]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES [ ]   NO [↖]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]   NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]   NO [ ]

7.  Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [↖]   NO [ ]

A.    If yes, in which division do all of the non-governmental parties reside?

Eastern Division [✔]    Central Division [ ]    Western Division [ ]

B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ]   NO [✔]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Gabriel D. O'Malley
ADDRESS   Ropes & Gray LLP, One International Place, Boston, MA 02110
TELEPHONE NO.   617-951-7656

(CategoryForm.wpd - 5/2/05)