MAS-20041213

aguiarka

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005

10:16 AM

# BRCV2005-00640
## Correia et al v ADESA/IMPACT

| File Date | 06/09/2005 | Status | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| Status Date | 07/19/2005 | Session | A - CtRm 1 - (Fall River) | | |
| Origin | 1 | Case Type | B21 - Environmental | | |
| Lead Case | | Track | A | | |

| Service | 09/07/2005 | Answer | 11/06/2005 | Rule12/19/20 | 11/06/2005 |
|---|---|---|---|---|---|
| Rule 15 | 09/02/2006 | Discovery | 07/29/2007 | Rule 56 | 09/27/2007 |
| Final PTC | 01/25/2008 | Disposition | 06/08/2008 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Charles A. Correia
588 Myricks Street
East Taunton, MA 02718
Active 06/09/2005

**Private Counsel 108560**
Brian R Cunha
Cunha & Associates (Brian)
311 Pine Street
Fall River, MA 02720
Phone: 508-675-9500
Fax: 508-679-6360
Active 06/09/2005 Notify

**Plaintiff**
Paula Goodwin
152 Myricks Street
East Taunton, MA 02718
Phone:
Active 06/09/2005

\*\*\* See Attorney Information Above \*\*\*

**Plaintiff**
Gary W. Goss
586 Myricks Street
East Taunton, MA 02718
Active 06/09/2005

\*\*\* See Attorney Information Above \*\*\*

**Plaintiff**
Paul R. Keefe
588 Myricks Street
East Taunton, MA 02718
Active 06/09/2005

\*\*\* See Attorney Information Above \*\*\*

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## BRCV2005-00640
## Correia et al v ADESA/IMPACT

| | |
|---|---|
| **Plaintiff**<br>David Patten<br>586 Myricks Street<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Angela M. Lovell<br>586 Myricks Street<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Merle A. Peabody<br>590 Myricks Street<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Alice A. Peabody<br>590 Myricks Street<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>William Wilbur<br>550 Myricks Street<br>East Taunton, MA 02718<br>Active 06/09/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>ADESA/IMPACT<br>580 Myricks Street<br>Taunton, MA 02780<br>Served: 06/28/2005<br>Served (answr pending) 07/12/2005 | **Private Counsel 183800**<br>Paul B Galvani<br>Ropes & Gray<br>1 International Place<br>Boston, MA 02110<br>Phone: 617-951-7656<br>Fax: 617-951-7050<br>Active 07/19/2005 Notify |

MAS-20041213
agufarka

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005
10:16 AM

## BRCV2005-00640
## Correia et al v ADESA/IMPACT

| | |
|---|---|
| | **Private Counsel 651432**<br>Gabriel D O'Malley<br>Ropes & Gray<br>1 International Place<br>Boston, MA 02110<br>Phone: 617-951-7656<br>Fax: 617-951-7050<br>Active 07/19/2005 Notify |
| **Other interested party**<br>FILE COPY<br>Active 06/09/2005 Notify | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/09/2005 | 1.0 | Plaintiff Charles A. Correia, Paula Goodwin, Gary W. Goss, Paul R. Keefe, David Patten, Angela M. Lovell, Alice A. Peabody, William Wilbur's MOTION to waive filing fee and proceed in forma pauperis |
| 06/09/2005 | 2.0 | Complaint & civil action cover sheet filed |
| 06/09/2005 | | Origin 1, Type B21, Track A. |
| 06/16/2005 | | MOTION (P#1) is DENIED (Frank M. Gaziano, Justice) Notices mailed June 16, 2005 |
| 07/12/2005 | 3.0 | SERVICE RETURNED (summons): ADESA/IMPACT, service made on June 28, 2005 (agent in charge service: David Vickey, Jr.) |
| 07/14/2005 | 4.0 | Notice for Removal to the United States District Court filed by ADESA/IMPACT |
| 07/19/2005 | | Case REMOVED this date to US District Court of Massachusetts with endorsement (05-11494NG) thereon |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 06/09/2005 | CtRm Main - (Taunton) | Status: by clerk<br>Initial One Trial Review | Event held as scheduled |

#4

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT
TRIAL COURT DEPARTMENT

)
CHARLES A. CORREIA, et al.          )
)
Plaintiffs,                          )
)
v.                        )
)
ADESA IMPACT.,                       )
)
Defendant.                           )
)

BRISTOL SS SUPERIOR COURT
Bristol Civil Action No. 05-0640

FILED

**JUL 14 2005**

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that a Notice of Removal of this action from the Superior

Court for Bristol County, Commonwealth of Massachusetts, to the United States District Court

for the District of Massachusetts (a copy of which is attached) was filed on July 14, 2005, with

the Clerk of Court for the United States District Court for the District of Massachusetts, pursuant

to the provisions of 28 U.S.C. § 1441.

Respectfully Submitted,

Adesa Impact,

By its attorneys,

A True Copy By Photostatic Process
Attest:

_Asst. Clerk of Courts_

_Paul B. Galvani_

Paul B. Galvani (BBO# 183800)
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July 14, 2005

9771165_1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on this __ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

_____
Gabriel D. O'Malley

7/14



ROPES & GRAY LLP

ONE INTERNATIONAL PLACE    BOSTON, MA 02110 2624    617 951 7000    F 617 951 7050
BOSTON    NEW YORK    SAN FRANCISCO    WASHINGTON, DC

July 14, 2005

Gabriel D. O'Malley
(617) 951-7656
gabriel.o'malley@ropesgray.com

**Via Courier**



BRISTOL SS SUPERIOR COURT
FILED

JUL 1 4 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

Clerk
Bristol Superior Court
9 Court St.
Room 13
Taunton, MA 02780

Re:    *Charles A. Correia, et al. v. Adesa Impact,*
       *Civil Action No. 05-0640*

Dear Sir / Madam:

I enclose the following documents in reference to the above-captioned action:

- Notice of Filing of Notice of Removal; and
- a copy of the Notice of Removal, as filed with the United States District Court for the District of Massachusetts.

Please time- and date-stamp the enclosed copies for our records.

9771633_1

ROPES & GRAY LLP

Civil Clerk's Office

July 14, 2005

Please do not hesitate to contact me if you have any questions with regard to this filing. Thank you for your attention to this matter.

Very truly yours,

Gabriel O'Malley

Enclosures

cc:     Paul B. Galvani

Case 1:05-cv-11494-MLW Document 4 Filed 07/21/2005 Page 8 of 35

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES A. CORREIA, et al.

Plaintiffs **05 - 1 1 4 9 4 NG**

v.                                  Civil Action No.

ADESA IMPACT,

Defendant.

I hereby certify that the
foregoing document is true and correct copy of the
electronic docket in the captioned case
electronically filed original filed on
original filed in my office on 7/19/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, and 28 U.S.C. § 1332, Defendant hereby
removes to this Court the above-captioned civil action now pending in the Bristol County
Superior Court of the Commonwealth of Massachusetts (entitled, *Charles A. Correia, et al. v.
ADESA/IMPACT*, Civil Action No. 2005-00640). As grounds for removal, Defendant states:

## STATEMENT OF GROUNDS FOR REMOVAL



A True Copy By Photostatic Process
Attest: Asst. Clerk of Courts

1.    On or about June 8, 2005, Plaintiffs commenced this action against Defendant Adesa
      Impact by filing a complaint in the Superior Court Department of the Trial Court for
      Bristol County, entitled *Charles A. Correia, et al. v. ADESA/IMPACT*, Civil Action
      No. 2005-00640 (the "Complaint").

2.    A copy of the Complaint was served on Defendant Adesa Impact on June 28, 2005.

3.    Defendant Adesa Impact is a corporation under the laws of the State of Indiana, with
      its principal place of business at 1308 Hamilton Crossing Blvd., Carmel, Indiana.

4.    The Complaint states that Plaintiffs reside in the Commonwealth of Massachusetts.

5.   The damages alleged in the Complaint exceed $75,000 per plaintiff, exclusive of interest and costs.

6.   This court has diversity jurisdiction over the above-described action under the provisions of 28 U.S.C. § 1332, and the action is properly removable pursuant to 28 U.S.C. § 1441.

7.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Adesa Impact are attached hereto at Tab 1. Defendant Adesa Impact does not waive any defenses available to it by removing this action to federal court.

Wherefore, Defendant Adesa Impact hereby removes the above-captioned action pending in the Superior Court Department of the Trial Court of Massachusetts for Bristol County therefrom to this Court.

Respectfully Submitted,

Adesa Impact,

By its attorneys,

*Paul B. Galvani*

Paul B. Galvani (BBO# 183800)
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July 1/, 2005

- 2 -

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on this ___ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

Gabriel D. O'Malley

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES A. CORREIA, et al.

Plaintiffs,

v.

ADESA IMPACT,

Defendant.

Civil Action No. _____

# 05 - 11494 NG

## **RULE 7.1 STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate

Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for

Adesa Impact certifies that Adesa Impact's parent corporation is Adesa, Inc., a publicly traded

company that is the sole shareholder of Adesa Impact.

Respectfully Submitted,

Adesa Impact,

By its attorneys,

Paul B. Galvani (BBO# 183800)
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
1 International Place
Boston, MA 02110
Telephone:(617) 951-7656
Fax:(617) 951-7050

Dated: July __, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on this __ day of

July, 2005 by first class mail, upon the following counsel of record:

Brian Cunha, Esq.
Law Offices of Brian Cunha and Associates
311 Pine Street
Fall River, Massachusetts 02720

Gabriel D. O'Malley

- 3 -

## Commonwealth of Massachusetts
### County of Bristol
### The Superior Court

Civil Docket **BRCV2005-00640**

RE:   Correia et al v ADESA/IMPACT

TO:   FILE COPY

## **CLERK'S NOTICE**

This is to notify you that in the above referenced case the Court's action on **06/16/2005**:

*RE: Plaintiff Charles A. Correia, Paula Goodwin, Gary W. Goss, Paul R. Keefe, David Patten, Angela M. Lovell, Alice A. Peabody, William Wilbur's MOTION to waive filing fee and proceed in forma pauperis*

**is as follows:**

**MOTION (P#1) is DENIED (Frank M. Gaziano, Justice)**

Dated at Taunton, Massachusetts this 16th day of June, 2005.

Marc J. Santos,
Clerk of the Courts

Telephone: (508) 823-6588

Copies mailed 06/16/2005

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

cvdresult_2.wpd 459615 motden lagejess

**Bristol County Deputy Sheriffs' Office • P.O. Box 8928 • New Bedford, MA 02742-0928 • (508) 992-6631**

*Bristol, ss.*

June 28, 2005

I hereby certify and return that on 6/28/2005 at 08:26 am I served a true and attested copy of the Summons and Complaint, CA Cover Sheet, Tracking Order in this action in the following manner. To wit, by delivering in hand to David Vickey Jr., agent, person in charge at the time of service for Adesa/Impact, 580 Myricks Street, Taunton, MA 02780. Copies ($2.00), Conveyance ($3.75), Travel ($3.20), Basic Service Fee ($30.00), Postage and Handling ($2.75), Attest Fee ($5.00) Total Charges $46.70

Deputy Sheriff Richard W. Hinkley

*Deputy Sheriff*

N.B.  TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20   .

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No.2005-00640-A

BRISTOL, ss.

CHARLES A. CORREIA, et al .............., Plaintiff (s)

v.

ADESA/IMPACT .............., Defendant (s)

SUMMONS
(Mass. R. CIV. P. 4)

# *COMMONWEALTH OF MASSACHUSETTS*

BRISTOL, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO: *A05 - 640*

CHARLES A. CORREIA, PAULA GOODWIN,    :
GARY W. GOSS, PAUL R. KEEFE,    :
DAVID PATTEN, ANGELA M. LOVELL    :
MERLE A. PEABODY, ALICE A. PEABODY,    :
WILLIAM WILBUR    :
    :
    PLAINTIFFS    :

VS.    :
    :
ADESA/IMPACT    :
    :
    DEFENDANT    :



BRIS... SS.

JUN - 9 2005

ESQ.

A True Copy By Photostatic Process
Attest:
Asst. Clerk of Courts

## MOTION TO WAIVE ADDITIONAL FILING FEES

Now comes the Plaintiffs and request that this Honorable Court allow the Plaintiffs to file additional cases without the need to file filing fees for each case.

A reasons therefore, Plaintiffs state that all of the cases contained herein arise out of the same incident and contain the same facts and similar damages. Moreover, the Plaintiffs are the owners of the twenty-six (26) homes that comprise the property of the Matthews Landing Trust and all have a common interest in restoring their Trust property.

By way of background, this matter arose as a result of the leakage of gasoline containing MTBE from the Defendants above ground storage tank. The leakage caused MTBE to mix with ground water which flowed from the Defendant property into the Plaintiffs' drinking well water, whose property is adjacent to the Defendant's storage facility.

All of the Plaintiffs have been similarly damaged in that they have suffered inconvenience, interference with the use of their property and loss of property value. In as much

as all of the cases are similar Plaintiffs would request that they be allowed to file one filing fee

for all of the cases.

Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.

Brian R. Cunha, Esquire    #108560
311 Pine Street
Fall River, MA 02720
Telephone:    (508) 675-9500
Fax:    (508)679-6360

# *COMMONWEALTH OF MASSACHUSETTS*

BRISTOL, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO: $A05-640$

CHARLES A. CORREIA, PAULA GOODWIN, :
GARY W. GOSS, PAUL R. KEEFE, :
DAVID PATTEN, ANGELA M. LOVELL :
MERLE A. PEABODY, ALICE A. PEABODY, :
WILLIAM WILBUR :
:
PLAINTIFFS :
VS. :
:
ADESA/IMPACT :
:
DEFENDANT :



BRISTOL, SS                    SUPERIOR COURT

JUN - 9 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiffs, Charles a. Correia, Paula Goodwin, Gary W. Goss, Paul R. Keefe, David Patten,

Angela M. Lovell, Merle A. Peabody, Alice A. Peabody, William Wilbur, (hereinafter referred to

as the "PLAINTIFFS") by their attorneys, BRIAN CUNHA & ASSOCIATES, P.C., for their

complaint against **ADESA/IMPACT**, (hereinafter referred to as the "DEFENDANT")

### I. PARTIES

1.   PLAINTIFFS are property owners and residents of the State of Massachusetts, and

currently reside in the Town of Taunton, Massachusetts. Their properties have been

threatened with and/or contaminated with MTBE.

A.   PLAINTIFF, Charles A. Correia, is a resident of the State of Massachusetts, and

currently resides at 588 Myricks Street, East Taunton, Massachusetts, 02718.

1

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

B.      PLAINTIFF, Paula Goodwin, is a resident of the State of Massachusetts, and currently resides at 152 Myricks Street, East Taunton, Massachusetts, 02718.

C.      PLAINTIFF, Gary W. Goss, is a resident of the State of Massachusetts, and currently resides at 586 Myricks Street, East Taunton, Massachusetts, 02718.

D.      PLAINTIFF, Paul R. Keefe, is a resident of the State of Massachusetts, and currently resides at 588 Myricks Street, East Taunton, Massachusetts, 02718.

E.      PLAINTIFF, David C. Patten, is a resident of the State of Massachusetts, and currently resides at 586 A. Myricks Street, East Taunton, Massachusetts, 02718.

F.      PLAINTIFF, Angela M. Lovell, is a resident of the State of Massachusetts, and currently resides at 586 A. Myricks Street, East Taunton, Massachusetts, 02718.

G.      PLAINTIFF, Merle A. Peabody, is a resident of the State of Massachusetts, and currently resides at 590 A Myricks Street, East Taunton, Massachusetts, 02718.

H.      PLAINTIFF, Alice A. Peabody, is a resident of the State of Massachusetts, and currently resides at 590 A Myricks Street, East Taunton, Massachusetts, 02718.

I.      PLAINTIFF, William Wilbur, is a resident of the State of Massachusetts, and currently resides at 550 Myricks Street, East Taunton, Massachusetts, 02718.

2.      DEFENDANT, ADESA/IMPACT is a duly organized corporation authorized to do business in the State of Massachusetts with a principal place of business located at 580 Myricks Street Taunton, Massachusetts.

3.      When, in this complaint, reference is made to any act of the DEFENDANT, such reference shall be deemed to include the officers, directors, agents, employees, or representatives of the DEFENDANT who committed or authorized such acts, or failed to

2

and omitted to adequately supervise or to properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of the DEFENDANT.

## II. BACKGROUND

4.   PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 3 inclusive.

5.   The property owned by the DEFENDANT ADESA primarily serves as an automotive recovery facility for the temporary secure storage of vehicles and for auctions of such vehicles. The vehicles are received, cataloged and stored mainly to recover salvage value for insurance companies.

6.   The ADESA office building and garage occupies approximately 7500 square feet of the thirty (30) acre ADESA property. One outdoor 1,000 gallon diesel above ground storage tank exists at the facility and is located approximately 300 feet northwest of the office building. A former 200 gallon gasoline above ground storage tank (AST) was located approximately 1,000 feet north of the building and was removed in February 2004. The ADESA property has frontage on Myricks Street and is just North of the Town of Lakeville border. The PLAINTIFFS residential properties, which include portions of Mathews Drive, Meaghan Circle and Grace Circle, are located approximately 200 to 500 feet East of the ADESA property boundary.

7.   On December 5, 2003, the Massachusetts Department of Environmental Protection (MADEP) was made aware of the presence of Methyl Tertiary Butyl Ether (MTBE) contaminating the PLAINTIFFS private drinking water supply wells at their residences

3

adjacent to the ADESA property. MADEP concluded that the likely source of the
contamination was from a gasoline spill containing MTBE that had previously occurred
on the ADESA property that had migrated to the PLAINTIFFS drinking water wells.

8.     MADEP assigned the ADESA disposal site with case number RTN4-18119.

9.     On December 8, 2003, a notice of responsibility (NOR) letter was sent to ADESA as a
       result of MTBE being detected in the PLAINTIFFS private drinking water supply wells.

10.    MADEP required that ADESA initiate an immediate response action plan (IRA) to
       evaluate whether releases occurred at its facility that resulted in the identified
       contamination of the PLAINTIFFS private drinking water supply wells.

11.    Pursuant to the (IRA) the DEFENDANT retained GeoInsight Inc., 25 Sundial Avenue,
       Suite 515 West, Manchester, New Hampshire 03103, to conduct an investigation and
       evaluation of the contamination.

12.    The topography in the area of the previously removed (AST), slopes East to Northeast
       directly onto the location of the PLAINTIFFS contaminated drinking water supply wells.

13.    The groundwater flow in the area also flows from the location of the previously removed
       (AST) in an East to Northeast direction onto the location of the PLAINTIFFS
       contaminated drinking water supply wells.

14.    Soil samples and soil borings located adjacent to the (AST) taken December 9, 2003 and
       December 11, 2003 collected and submitted for laboratory analysis, revealed elevated
       gasoline and concentrations of MTBE ranging from 320 micrograms per kilogram (ug/kg)
       to 2,300 ug/kg, which exceeded the reportable concentration of 300 ug/kg.

4

15.   Prior to December 8, 2003, the DEFENDANT had previously had a gasoline (AST) leak
      in the summer of 2003, which the DEFENDANT failed to report to MADEP as required
      by the code of Massachusetts Regulations 310 CMR 40.00 et al.

16.   That it is the PLAINTIFFS' contention that the (AST) leak of gasoline in the Summer of
      2003 and at other surrounding homes resulted in the contamination of the PLAINTIFFS
      well water supply with the gasoline additive MTBE.

## What is MTBE?

17.   MTBE is a shorthand name for methyl tertiary-butyl ether. MTBE is a manmade organic
      chemical. "Organic," in the chemical world, means it is a carbon-based compound, and
      does not occur in nature without the help of man. Like most synthetic chemicals, oil or
      natural gas serve as the starting point for the chemical synthesis of MTBE.

18.   MTBE is highly flammable and mixes easily with gasoline. Each MTBE molecule contains
      one oxygen atom, which makes MTBE useful in reducing emissions from gasoline pow-
      ered engines. MTBE evaporates easily, is lighter than water, and does not break down
      easily in nature. MTBE is also far more soluble in water than the other chemicals found
      in gasoline. It is MTBE's water solubility, and the resistance to natural degradation to less
      objectionable compounds like ethanol, that make MTBE a serious water pollution threat.

19.   MTBE has a putrid, foul and offensive odor and taste that easily contaminates water
      supplies and is a potential carcinogen.

20.   The United States Environmental Protection Agency and Congress have mandated that
      reducing carbon monoxide and ozone air pollution from gasoline operated automobiles,
      trucks, and other engine is an important, indeed critical goal. Carbon monoxide is

5

poisonous, and increased levels of carbon monoxide in the air damages the health of at least some persons who live in those areas. Ozone, commonly referred to as "smog," is a highly reactive three atom oxygen compound. Ozone is protective of life when found in the upper reaches of our atmosphere, but damaging to our lungs, and to plant and animal life when at the altitudes where we breathe.

21.   As a result of the 1990 Amendments to the Clean Air Act (hereinafter referred to "CAA"), oxygenates are required in two different fuel programs. The Clean Air Act was originally passed by the United States Congress in 1970. It established air-quality standards for six major pollutants: carbon monoxide, hydrocarbons, photochemical oxidants, nitrogen oxides, sulfur oxides, and particulate matter. The CAA has been amended over the years, the 1990 Amendments added the provisions relating to oxygenated gasoline and RFG.

22.   RFG is a special recipe for gasoline, with tighter specifications for the physical properties of the gasoline, and for several components, including an oxygenate. The most widely used oxygenate after 1995 was MTBE.

23.   Gasoline containing oxygenates, per the (CAA) is now used in many parts of the United States including Massachusetts. In certain areas, where winter time carbon monoxide exceeds air pollution standards, oxygenated fuel is used during the winter months only. In other areas, where ozone pollution is high, reformulated gasoline (hereinafter referred to as "RFG") containing oxygenates, is used year round. Thus, while MTBE is not in use everywhere, it is in use in large parts of the United States, particularly in the Northeast and Massachusetts.

6

## III  NEGLIGENCE

24.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 23 inclusive.

25.    DEFENDANT, ADESA improperly stored gasoline in a 200 gallon (AST) that was improperly maintained, serviced, and updated in violation of State and local laws.

26.    That the leaking of the (AST) and the  propensity of gasoline containing MTBE  to contaminate soil and drinking water is so menacing that the DEFENDANT knew or should have known that the failure to use proper storage containers, would pose a significant threat to PLAINTIFFS' property.

27.    Despite DEFENDANT'S past and current knowledge of MTBE' harmful characteristics, DEFENDANT  placed, gasoline in an (AST)  in violation of State and local regulations.

28.    Gasoline containing MTBE should not have been distributed and/or stored on DEFENDANT'S property without proper education and without warning of the propensity to contaminate the soil and drinking well water.  Moreover, DEFENDANT should have properly educated and warned the governmental agencies including MADEP, and private property owners and the public (including PLAINTIFFS) of the release of gasoline in the summer of 2003 and other Sunday times and failed to do so in violation of Massachusetts MADEP regulations.

30.    Prior to storing and dispensing gasoline containing MTBE, DEFENDANT knew or should have known that in the event that said MTBE was released into soil and groundwater, it would not be biodegradable or bioremediated.

7

31.    DEFENDANT owed PLAINTIFFS a duty of due care which could be satisfied by safe and
       proper use, management, and storage, of its petroleum related products.

32.    DEFENDANT had a specific duty to prevent the discharge or release of such substances
       which might harm the persons, property or economic interests of PLAINTIFFS.

33.    DEFENDANT also had a specific duty to warn or notify PLAINTIFFS of the potential
       hazards of exposure to toxic and hazardous substances and to warn or notify
       PLAINTIFFS and MADEP that discharges or releases of these substances had occurred,
       were likely to occur in the future and threatened PLAINTIFFS.

34.    DEFENDANT breached these duties by their negligent, and reckless management,
       storage, and use of its gasoline.

35.    DEFENDANT'S reckless, negligent, and illegal conduct resulted in the actual dangerous
       releases of hazardous and toxic substances into the PLAINTIFFS' properties.  These
       actual and continued releases and discharges have subjected PLAINTIFFS to
       unreasonable risk of harm, threat of future harm, and to actual injuries to their properties,
       economic interests and persons.

36.    DEFENDANT also failed to warn PLAINTIFFS and MADEP of the actual and
       threatened releases of such substances and of the reasonably foreseeable effects of such
       releases, an omission that was reckless, grossly negligent, and/or negligent.

37.    DEFENDANT failed to and continues to fail to act to prevent its release from harming
       PLAINTIFFS.

38.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS
       causing both actual present harm to PLAINTIFFS' properties and economic interests and

8

creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

39.   All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undeterminable in magnitude. The amount of damage for the injuries will be established at trial.

## NEGLIGENCE

## DUTY TO PREVENT AND TO WARN

### IV.  DUTY TO PREVENT

40.   PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 39 inclusive.

41.   DEFENDANT failed to take appropriate precautions to protect PLAINTIFFS' soil and well water supply, from being threatened and/or contaminated with MTBE. In failing to take adequate steps to prevent soil and well water contamination, DEFENDANT also breached its duty to protect PLAINTIFFS' exposure to contaminated soil and well water.

42.   DEFENDANT further negligently breached its duty to prevent MTBE from being discharged and released from storage tanks, barrels, and pipe lines into the soil and well water.

43.   DEFENDANT, after a substantial amount of MTBE was placed into the soil and well water, failed to prevent the threat of continued migration of said byproducts into the soil and well water by failing to report the leak to the MADEP, which continues to threaten PLAINTIFFS' properties.

9

44.    DEFENDANT knew, or should have known, that the MTBE contaminated soil and well water that may poison PLAINTIFFS' infrastructure and water supply for many years.

45.    DEFENDANT was in a position to stop this threat and/or contamination from spreading and yet did nothing.

## V. DUTY TO WARN

46.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 46 inclusive.

47.    DEFENDANT failed in its duty to warn public agencies and private property owners of MTBE's byproducts' propensity to contaminate PLAINTIFFS' properties. Moreover, DEFENDANT failed to warn PLAINTIFFS and the Town of Taunton and MADEP that, as a result of having MTBE placed into the soil, their property and well water was in danger of being contaminated.

48.    PLAINTIFFS' injuries were a foreseeable result of DEFENDANT'S placement of MTBE into the soil.

49.    As a direct and proximate result of DEFENDANT'S negligent breach of its duties, as outlined above, PLAINTIFFS has suffered extensive damages in an amount to be proven at the time of trial.

50.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

10

## VI.  DUTY TO REMEDIATE

51.    PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the
       allegations contained in Paragraphs 1 through 50 inclusive.

52.    DEFENDANT placed MTBE  into the soil without warning governmental authorities,
       private properties owners, or PLAINTIFFS, of MTBE's dangers.

53.    Once DEFENDANT knew that contamination was being discharged into the soil in the
       Town of Taunton, they did nothing to prevent the contamination from spreading into
       PLAINTIFFS' properties.

54.    Moreover, DEFENDANT knew or should have known that PLAINTIFFS was defenseless
       to protect themselves because they did not have knowledge of MTBE's negative impact
       on well water.

55.    Also, once it became known that PLAINTIFFS' soil was contaminated, DEFENDANT
       should have warned PLAINTIFFS of the problem and immediately remediated the
       contamination that its business activities had caused.

56.    Once the contamination became known, DEFENDANT failed to control the
       contamination from expanding into PLAINTIFFS' and the surrounding community's soil.

57.    Once the contamination became known, DEFENDANT failed to remediate the
       contamination.  DEFENDANT has left PLAINTIFFS and the community to remediate
       the contamination knowing that PLAINTIFFS did not have the expertise or the resources
       to properly remediate the contamination that DEFENDANT created.

58.    As a direct and proximate result of DEFENDANT'S breach of its duties, as outlined
       above, PLAINTIFFS have suffered extensive damages in an amount to be proven at trial.

11

59.    Moreover, DEFENDANT willfully and intentionally breached its duty of care and acted
       with conscious disregard of PLAINTIFFS' safety.

60.    DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS
       causing both actual present harm to PLAINTIFFS' properties and economic interests and
       creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and
       interference with the use and enjoyment of their properties.  PLAINTIFFS are entitled to
       recover damages for such injuries and anticipated additional costs for their damages.

## VII.  ABNORMALLY DANGEROUS ACTIVITY
## ABSOLUTE  OR STRICT LIABILITY

61.    PLAINTIFF realleges and incorporates by reference as if fully set forth herein Paragraphs
       1 through 60, inclusive.

62.    The MTBE released by DEFENDANT is toxic and hazardous and capable of causing
       severe personal injuries to persons coming into contact with it and, as such, is an ultra-
       hazardous material and abnormally dangerous.

63.    The use and storage of gasoline with MTBE is an ultra-hazardous and abnormally
       dangerous activity, subjecting persons coming into contact with MTBE to a severe risk of
       harm, regardless of the degree of caution which DEFENDANT might have exercised.
       The risk of such an activity was not and is not outweighed by any value associated with its
       use to the community.

64.    In addition, with full knowledge of the environmental and health hazards associated with
       the disposal and release of MTBE, DEFENDANT negligently allowed the disposal of said
       toxic MTBE in the vicinity and eventually on the PLAINTIFFS' property.

12

65.    Although PLAINTIFFS maintain that DEFENDANT'S activities were abnormally
       dangerous per se, the location of such activities in a well-populated area such as a
       residential area in the Town of Taunton would independently have rendered them
       abnormally dangerous.

66.    As a direct and proximate result of DEFENDANT'S use and storage of natural gasoline
       containing MTBE, contaminants were released into the environment, thereby injuring
       PLAINTIFFS, which include actual present harm to their property and economic
       interests, and potential future harm to PLAINTIFFS due to the threat of future
       contamination, as well as inconvenience and interference with the use and enjoyment of
       their property. These injuries constitute the type and harm which made the activities
       abnormally dangerous.

67.    By reason of the foregoing, DEFENDANT is strictly liable in tort for the damages
       sustained by PLAINTIFFS.

68.    All injuries and damages to PLAINTIFFS are substantial; however, many of the injuries
       to PLAINTIFFS are as yet undetermined in magnitude. The amount of damage for some
       of PLAINTIFFS' injuries will be established at trial.

## VIII.  PRIVATE NUISANCE

69.    PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs
       1 through 68, inclusive.

70.    At all times material hereto, PLAINTIFFS were in lawful possession of their land.

71.    DEFENDANT'S use, possession and storage of gasoline containing MTBE has resulted in
       an intrusion and the continued intrusion upon PLAINTIFFS' properties, significantly and

13

negatively impacting upon PLAINTIFFS' right to use and enjoy their property.

72.    Specifically, DEFENDANT'S unreasonable emission, disposal and release of MTBE into
       PLAINTIFFS' soil, was substantially offensive, discomforting and annoying to persons of
       ordinary sensibilities, tastes, and habits.

73.    DEFENDANT'S interference with PLAINTIFFS' rights were so unusual and excessive
       that it necessarily caused injury, damage, harm and inconvenience to PLAINTIFFS, and
       it substantially, materially and unusually interfered with their comfort, and with the
       proper use and enjoyment of their properties.

74.    PLAINTIFFS' specific damages include, but are not limited to, remediation costs
       attributable to the presence of contaminants on her property.  Such invasion of
       PLAINTIFFS' rights were unreasonable.

75.    DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and
       intrusion, and the continued entry and intrusion onto the property of PLAINTIFFS
       without privilege, permission, invitation or justification.

76.    DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries,
       including actual or increased harm to their property and economic interests and injuries
       to their persons, as well as inconvenience and interference with the use and enjoyment of
       their properties.  PLAINTIFFS are entitled to recover damages for such injuries.

77.    All injuries and damages to PLAINTIFFS are substantial.  Many of PLAINTIFFS'
       injuries, however, are as yet undetermined in magnitude.  The amount of damages for
       some of the injuries will be established at trial.

14

## IX.  TRESPASS

78.  PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 77, inclusive.

79.  PLAINTIFFS were at all relevant times in possession of land they owned and/or occupied.

80.  Upon information and belief, DEFENDANT knew its intentional discharge of contaminants had migrated onto PLAINTIFFS' properties.

81.  Upon information and belief, despite DEFENDANT'S knowledge of the harm caused by the placement of MTBE in the soil, DEFENDANT intentionally persisted in its conduct and continued to discharge said contaminants.

82.  Upon information and belief, the discharge which DEFENDANT knew or should have known migrated onto PLAINTIFFS' soil and property, constitutes a trespass.

83.  Upon information and belief, PLAINTIFFS' real property, continues to be threatened, exposed to and/or contaminated by hazardous chemicals and materials originating at DEFENDANT'S facility.

84.  DEFENDANT'S use, possession and storage of MTBE has resulted in an entry and intrusion onto PLAINTIFFS' property without privilege, permission, invitation or justification.

85.  DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual physical harm to property and economic interests and an increased risk of future harm to her person, as well as inconvenience and interference with the use and enjoyment of her property.  PLAINTIFFS are entitled to recover damages for such injuries.

15

86. All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude. The amount of damages for such injuries will be established at trial.

## X. PUBLIC NUISANCE

87. PLAINTIFFS reallege and incorporates by reference as if fully set forth herein Paragraphs 1 through 86, inclusive.

88. DEFENDANT has manufactured and disposed of its product in a manner that has unreasonably endangered or injured the property, health, safety and comfort of PLAINTIFFS and other town residents, causing inconvenience and annoyance.

89. Actual MTBE contamination caused by DEFENDANT'S conduct has caused injury to PLAINTIFFS in the form of present serious interference with the use, benefit and/or enjoyment of her property, in a way that an ordinary reasonable person would define as substantial inconvenience, annoyance, and injury.

90. DEFENDANT has violated and/or threatened to violate PLAINTIFFS' right to contaminate free well water.

91. As a direct and proximate result of DEFENDANT'S acts and omissions creating the above-described nuisance, PLAINTIFFS have suffered special injuries to their properties, including but not limited to, the threat and/or actual contamination by MTBE, reduction of their property values and the costs associated with removing said contamination.

16

## XI. PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS demand judgment in their favor against DEFENDANT:

a. A declaration by the Court that DEFENDANT has been and continues to be in violation of the above legal duties;

b. Awarding PLAINTIFFS compensatory damages;

c. Awarding PLAINTIFFS the costs of this lawsuit, including but not limited to, attorneys' fees and expert costs as authorized by statute and the applicable rules of this Court;

d. Enjoining DEFENDANT from allowing the continued placement and migration of MTBE onto PLAINTIFFS' soil and property;

e. Requiring DEFENDANT to pay all future costs incurred by PLAINTIFFS for the costs associated with obtaining alternative housing or well water remediation;

f. Requiring DEFENDANT to pay all of PLAINTIFFS' costs associated with the diminished property values as a result of the contamination including the repair of the street and surrounding property;

g. Preliminary and permanent injunctions to pay money into a fund sufficient to clean and remediate the contamination that DEFENDANT caused to be discharged into PLAINTIFFS' soil and well water;

h. An Order mandating that DEFENDANT and its successors and assigns, to take every action necessary to assure that all relief requested herein is obtained and fully funded;

17

i.   Awarding PLAINTIFFS sufficient sums to compensate them for past,

present and future pain and suffering, lost wages and reasonable medical

expenses, including but not limited to, medical monitoring;

j.   Awarding PLAINTIFFS such other, further, and different relief as the

Court may deem appropriate and just; and

k.   Trial by Jury.

Plaintiffs
By their Attorneys,
**BRIAN CUNHA & ASSOCIATES, P.C.**

Brian R. Cunha, Esquire    #108560
311 Pine Street
Fall River, MA 02720
Telephone:   (508) 675-9500
Fax:   (508)679-6360

18



| CIVIL ACTION COVER SHEET | DOCKET NO.(S) A05-640 | Trial Court of Massachusetts Superior Court Department County BRISTOL |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| CHARLES A. CORREIA, et al | ADESA/IMPACT |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Brian R. Cunha, Esquire 311 Pine Street, FallRiver, MA 02720 Board of Bar Overseers number: 108560 | |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO. B21    TYPE OF ACTION (specify) Environmental    TRACK ( A )    IS THIS A JURY CASE? (X ) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . $. . . . . .
2. Total Doctor expenses . . . $. . . . . .
3. Total chiropractic expenses . . . $. . . . . .
4. Total physical therapy expenses . . . $. . . . . .
5. Total other expenses (describe) . . . $. . . . . .
Subtotal $. . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . $. . . . . .
C. Documented property damages to date . . . $700,000.00. . .
D. Reasonably anticipated future medical and hospital expenses . . . $. . . . . .
E. Reasonably anticipated lost wages . . . $. . . . . .
F. Other documented items of damages (describe)
$. . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendant's above ground storage tank leaked gasoline containing MTBE causing MTBE to mix with groundwater which flowed from the Defendant's property into the Plaintiffs drinking well water. Plaintiffs has suffered inconvenience, interference with the use of their property and loss of property value.
$. . . . . . . . . . . .
TOTAL $700,000.00. . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 4/8/05

AOTC-6 mtc005-11.99
A.O.S.C. 1-2000